```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION

FIUME INDUSTRIES, INC.,          §
                                 §
         Plaintiff,              §
                                 §
v.                               §   CIVIL ACTION NO. 4:09-cv-591
                                 §
AMERICAN EXPRESS TRAVEL          §
RELATED SERVICES COMPANY, INC.,  §
                                 §
         Defendant.              §
```

## MEMORANDUM OPINION

Pending before the court[1] is Defendant's Motion for Summary Judgment (Docket Entry No. 14) and Plaintiff's Motions to Remand and for Attorney's Fees (Docket Entry Nos. 17 and 18). The court has considered the motions, all relevant filings, and the applicable law.

For the reasons set forth below, the court **GRANTS** Plaintiff'S Motions to Remand and for Attorney's Fees (Docket Entry Nos. 17 and 18) and **DENIES AS MOOT** Defendant's Motion for Summary Judgment (Docket Entry No. 14).

### I. Case Background

**A. Procedural History**

Plaintiff Fiume Industries, Inc. ("Plaintiff"), a Texas corporation with its principal place of business in Harris County, Texas, brought suit on behalf of itself against American Express

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Docket Entry No. 13.

Travel Related Services Company, Inc. ("Defendant").[2] Plaintiff alleges that Defendant reported false and defamatory credit information about Plaintiff, despite actual knowledge of the falsity of the information being reported.[3] Plaintiff asserts only one cause of action: common law defamation.[4]

Plaintiff's Original Petition was filed with the County Civil Court at Law No. 1 of Harris County on January 15, 2009.[5] Defendant filed notice of removal on February 26, 2009, asserting that Plaintiff's Original Petition contained allegations giving rise to a federal question.[6] Plaintiff moved for remand on August 27, 2009, stating that no federal question was at issue and therefore the court had no subject matter jurisdiction.[7] Defendant has not filed a response.

## B. Factual History

According to Plaintiff's complaint, Plaintiff owns and operates a number of business ventures in the Houston area and also

---

[2] Plaintiff's Original Petition, Docket Entry No. 1, p. 1.

[3] Id. at 4.

[4] Id.

[5] Id. at 1.

[6] Defendant's Notice of Removal, Docket Entry No. 1.

[7] Plaintiff's Motion to Remand, Docket Entry No. 17. Docket Entry Nos. 17 and 18, respectively titled "Motion to Remand" and "Motion to Remand and for Attorney's Fees" are identical. The court will therefore only refer to the former when discussing Plaintiff's motion. Plaintiff has also filed another document titled "Motion to Remand", but that document is simply a proposed order associated with the prior motion(s) to remand. See Docket Entry No. 20.

occasionally invests in other businesses.[8]  Plaintiff has access to a number of sources of credit as part of these business ventures, including two accounts with Defendant: (1) a "Platinum" business card and (2) a "Blue for Business" account.[9]  While the Blue for Business account was always paid on time, the Platinum account at some point became overdue.[10]

Thereafter, a settlement agreement was reached between Plaintiff and Defendant whereby both accounts were paid in full and Defendant agreed to delete any negative credit information pertaining to the Platinum account.[11]  A few months after this settlement, Plaintiff discovered an investment opportunity and accordingly applied for a loan to fund the investment.[12]  The loan was denied because Defendant had reported negative credit information pertaining to the Blue for Business account.[13]

Accordingly to the complaint, Plaintiff's Blue for Business account was never past due and had been paid in full several months prior to the negative report by Defendant.[14]  Plaintiff therefore immediately notified Defendant that it was reporting false and

---

[8]    Plaintiff's Original Petition, Docket Entry No. 1, p. 2.

[9]    Id.

[10]   Id.

[11]   Id.

[12]   Id.

[13]   Id.

[14]   Id. at 3.

defamatory credit information about Plaintiff.[15]  Despite this notification, Defendant did not retract the unfavorable credit information.[16]

## II.  Standard for Motion to Remand

Jurisdiction for removing an action originally brought in state court to federal court is authorized by 28 U.S.C. § 1441, which permits a defendant to remove a civil case "of which the district courts of the United States have original jurisdiction." The burden to show that federal jurisdiction exists is on the party seeking removal.  See Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).  Removal jurisdiction is to be strictly construed, and thus there is a presumption against federal jurisdiction.  Id.

In this case, removal has been predicated on the provisions of 28 U.S.C. § 1331, which states that: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  To arise under federal law, the Plaintiff's complaint must require the determination of a substantial question of federal law to determine the outcome of the case; if this requirement is met, then federal jurisdiction is appropriate.  See Willy, 855 F.2d at 1168 (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13 (1983)).  A plaintiff is generally the "master[] of the

---

[15]   Id.

[16]   Id.

4

complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 395 (1987). A plaintiff is usually granted the right to choose what claims it will litigate and the forum in which it will litigate them. Id. at 392. Typically, a plaintiff may avoid federal court by relying solely on state law causes of action. See id.

A defendant may defeat a plaintiff's choice of forum under some circumstances, however. See, e.g., Hoskins v. Bekins Van Lines, 343 F.3d 769, 773 (5th Cir. 2003). First, removal must be predicated on the well-pleaded complaint rule. See id. at 772. This rule requires the basis for removal to be clear on the face of the plaintiff's complaint. See id. (quoting Caterpillar, 482 U.S. at 392). The basis must be found in the plaintiff's affirmative allegations; it may not arise as a defense that the defendant may seek to raise. See id. Therefore, a defendant seeking removal must prove that the plaintiff's complaint provides federal jurisdiction. See id.

Second, the artful pleading doctrine exists as an independent corollary to the well-pleaded complaint rule. Bernhard v. Whitney Nat'l Bank, 523 F.3d 546, 551 (5th Cir. 2008). "Under this principle, even though the plaintiff has artfully avoided any suggestion of a federal issue, removal is not defeated by the plaintiff's pleading skills in hiding a federal question." Id. The doctrine allows for removal "only where state law is subject to complete preemption." Id.

5

Finally, the complete preemption rule requires a claim which would otherwise be a state cause of action to be brought in federal court.  See Caterpillar, 482 U.S. at 393.  Case law distinguishes the two forms of preemption: "'Complete preemption,' which creates federal removal jurisdiction, differs from more common 'ordinary preemption' (also known as 'conflict preemption'), which does not." Johnson v. Baylor Univ., 214 F.3d 630, 632 (5th Cir. 2000).  To establish complete preemption, a defendant must demonstrate that: (1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of that right; and (3) there is a clear Congressional intent that the federal action be exclusive. Gutierrez v. Flores, 543 F.3d 248, 252 (2008) (citing Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 11 (2003)).  Thus, federal courts have jurisdiction over any claim in a field that has been completely preempted.

### III.  Analysis

Defendant removed this case in reliance on federal question jurisdiction under 28 U.S.C. § 1331.  Defendant asserted one basis for removal in its Notice of Removal: "that the claims set forth in the Petition raise questions of federal law because they arise under" the Fair Credit Reporting Act ("FCRA").[17]  Defendant also

---

[17]   Defendant's Notice of Removal, Docket Entry No. 1, ¶ 5.

mentions in its Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment, for the first and only time and without elaboration, that Plaintiff's "claim for defamation is preempted under [FCRA] and [FCRA] controls the issue if the Plaintiff has a valid claim against [Defendant]."[18]  The court will address each of these contentions in turn, beginning with Defendant's preemption argument.

## A.  Complete Preemption

With regard to the first two prongs of the complete preemption test, Congress made clear its intent with regard to creating a new cause of action under the FCRA in Section 1681p of the Act.[19]  The court therefore finds that the FCRA satisfies the first two prongs of the test for complete preemption set forth by the Fifth Circuit in Gutierrez.  See Gutierrez, 543 F.3d at 252.

With regard to the third prong of the Gutierrez test, other courts faced with the question presently before this court have found that the FCRA does not provide for the removal of state law claims "because the [statute] explicitly declines to replace all state law causes of action or to provide exclusive jurisdiction in the federal courts, and fails to reflect clearly an intent to make

---

[18]  Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket Entry No. 16, ¶ 1.

[19]  15 U.S.C. § 1681p provides, "An action to enforce any liability created under this subchapter may be brought in an appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction . . . ."

claims removable." Swecker v. Trans Union Corp., 31 F. Supp. 2d 536, 539 (E.D. Va. 1998) (citing 15 U.S.C. § 1681p). See also Wells v. Shelter Gen. Ins. Co., 217 F. Supp. 2d 744 (S.D. Miss. 2002); Watkins v. Trans Union, L.L.C., 118 F. Supp. 2d 1217 (N.D. Ala.) (holding that "Congress did not intend to make state law causes of action defensively preempted by the FCRA removable to federal court"); Sherron v. Greenwood Trust Co., 977 F. Supp. 804, 808 (N.D. Miss. 1997) (holding that "[t]here is nothing in the legislative history or the FCRA itself to establish that Congress intend that state law causes of action[s] . . . be removable").

As Defendant has not provided, nor has the court uncovered in its own research, any authority to support a finding that the FCRA satisfies the third prong of the Gutierrez test, the court finds that the FCRA does not completely preempt Plaintiff's state law defamation claim so as to make it removable to federal court. The court, therefore, finds that the artful pleading doctrine has not been implicated and that exercising removal jurisdiction pursuant to 28 U.S.C. § 1331 is not warranted on the basis of complete preemption.

**B.  Substantial Question of Federal Law**

Only if Plaintiff's well-pleaded complaint raises a substantial, disputed question of federal law will this court have jurisdiction over the case. See Willy, 855 F.2d at 1168 (citing Franchise Tax Bd., 463 U.S. at 13).

Plaintiff denies any intention to sue under the FCRA. Defendant argues that the FCRA does not apply to Plaintiff because Plaintiff is a corporation and the FCRA only pertains to consumers.[20] Under the FCRA, the term "consumer" is defined as an individual. 15 U.S.C. § 1681a(c). The parties are therefore correct that the FCRA does not apply to corporate plaintiffs such as Plaintiff. This means that Defendant's basis for removal under 28 U.S.C. § 1331 was not warranted.

The court notes that there is a presumption against removal to federal court. See Willy, 855 F.2d at 1164. Defendant, as the removing party, bears the burden of proving that removal jurisdiction exists. See id. Defendant has not met its burden. Accordingly, as the court lacks subject matter jurisdiction over this dispute, remand is appropriate.

## C. Attorney's Fees

### 1. Whether to Award

Plaintiff has also requested that this court award attorney's fees associated with Defendant's notice of removal.[21] Under 28 U.S.C. § 1447(c), a court may order costs and expenses, including

---

[20] Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket Entry No. 16, ¶ 2; Plaintiff's Motion to Remand, Docket Entry No. 17, ¶ 6 (stating "Plaintiff agrees that the [FCRA] applies only to individuals. As such, the Court has no jurisdiction to hear this case. There is no federal issue in this case because the [FCRA] does not apply to plaintiffs such as the one herein.")

[21] Plaintiff's Motion to Remand and for Attorney's Fees, Docket Entry No. 17, ¶ 8. Even though removal was improper, the court retains jurisdiction over this aspect of the case. See Willy, 855 F.2d at 1172.

attorney's fees, incurred as a result of removal. However, "absent unusual circumstances, attorney's fees should not be awarded [under § 1447(c)] when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). The statute itself does not embody a strong preference either for or against fee awards. Admiral Ins. Co. v. Abshire, 574 F.3d 267, 280 (5th Cir. 2009) (citing Martin, 546 F.3d at 140).

Here, first, Defendant has not filed any document with the court in opposition to this request. Second, Defendant removed on the basis of the FCRA but clearly understood that the FCRA does not apply to entities such as Plaintiff, as it attempted to gain summary judgment based on this premise.[22]

Third, Defendant claims as an afterthought in its reply to Plaintiff's response to Defendant's motion for summary judgment that "[a]s set forth in [Defendant's] Motion for Summary Judgment, the claim for defamation is preempted under the [FCRA] and that Act controls the issue if [] Plaintiff has a valid claim against [Defendant]."[23] The court makes three notes with regard to this sentence. First, the statement is made as an introductory comment to the rest of Defendant's reply and no supporting legal argument

---

[22] See Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket Entry No. 16, ¶ 2.

[23] Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket Entry No. 16, ¶ 1.

is presented to the court.  Second, the statement is not factually supported, as there is no mention of preemption anywhere in Defendant's motion for summary judgment.[24]  Third, as previously mentioned, Defendant's notice of removal does not mention preemption as a ground for removal.[25]

By attempting to remove a case on the federal question grounds that Defendant clearly understood were inapplicable to Plaintiff, Defendant exhibited bad faith or, at the very least, attempted to remove for vexatious reasons.  The jurisdictional issues involved in this case are neither complex nor difficult, and Defendant had no objectively reasonable basis for removal.  See Admiral Ins. Co., 574 F.3d at 280 (citing Martin, 546 U.S. at 136).  Defendant has wasted Plaintiff's time and this court's resources by engaging in frivolous removal on a clearly inapplicable ground.  Accordingly, the court **GRANTS** Plaintiff's motion for attorney's fees under 28 U.S.C. § 1447(c).

**2.    Amount of Award**

In determining the amount of fees to be awarded, the court must use the "lodestar" method.  Strong v. Bellsouth Telecomm., Inc., 137 F.3d 844, 850 (5th Cir. 1998).  Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating

---

[24]     See Docket Entry No. 14.

[25]     See Docket Entry No. 1.

11

lawyers.  Then, the district court must multiply the reasonable hours by the reasonable hourly rates.  The product of this multiplication is the lodestar, which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case.  La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 324 (5th Cir. 1995), cert. denied, 516 U.S. 862 (1995) (internal citations omitted).  The party requesting attorney's fees has the burden to demonstrate entitlement to the fees and to document the hours expended and the hourly rate.  Id.

The principle underlying this "lodestar" framework is that the attorney's fees awarded should be reasonable.  Reasonableness is determined by consideration of twelve factors.  Von Clark v. Butler, 916 F.2d 255, 258 (5th Cir. 1990).  These factors are: (1) the time and labor involved; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship between the attorney and the client; and (12) awards in similar cases.  Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), overruled on other

grounds, Blanchard v. Bergeron, 489 U.S. 87 (1989).

First, the court will consider the hourly rate billed and then review the number of hours expended in preparing the case.

### a. Hourly Rate

In his affidavit, Plaintiff's attorney Richard Hurder ("Hurder") affirmed that his billing rate was $200.00 per hour.[26] Hurder has been an attorney since 1986 and is admitted to the bars of the State of Texas and the Southern District of Texas.[27]

Defendant has interposed no interjection that the $200 hourly rate charged by Hurder is unreasonable, and the court finds that it is a reasonable fee for the type of work performed.

### b. Number of Hours Charged

Hurder avers that he spent six hours on the case since its removal to federal court.[28] These hours were spent attending the status conference, responding to Defendant's motion for summary judgment, and preparing the motion to remand.[29]

Again, Defendant has interposed no interjection that the six hours Hurder spent on these tasks since the case was removed are unreasonable. In light of the foregoing, the court determines the number of hours reasonably expended by Hurder to be six hours.

---

[26] Plaintiff's Motion for Remand and Attorney's Fees, Docket Entry No. 17, Affidavit of Richard Hurder, p. 4.

[27] Id. at 3.

[28] Id. at 4.

[29] Id.

Thus the lodestar fee is $1200.[30]

### c.     Adjustment of Lodestar

The court must next determine whether the lodestar amount should be adjusted based on the Johnson factors.

Time and labor involved:  This factor was subsumed in the court's calculation of the lodestar amount.  See Shipes v. Trinity Indus., 987 F.2d 311, 320 (5th Cir. 1993).

Novelty and difficulty of the issues: This case did not involve novel or complex legal issues.  No adjustment of the lodestar is necessary.

Skill required to perform the legal services properly:  This factor is inapplicable to this case.

Preclusion of other employment due to this case:  There is no evidence before the court suggesting that this was a factor in this case.  No lodestar adjustment can be made on this basis.

Customary fee:  This factor was incorporated in the court's calculation of the lodestar amount.

Whether fixed or contingent:  This factor is not relevant.

Time limitations imposed by the client or circumstances: There is no argument or evidence that time constraints were a factor in this case.

Amount involved and results obtained: Plaintiff was successful on its motion to remand and thus obtained positive results for his

---

[30]    Calculated as:  (6.0 x $200) = $1200.

client.  However, no lodestar adjustment will be made on this basis.

    <u>Experience, reputation, and ability of counsel</u>:  As this factor was taken into consideration in determining the appropriate hourly rate, no lodestar adjustment needs to be made on this basis.

    <u>Undesirability of the case</u>:  There is no evidence that this is a factor in this case.

    <u>Nature and length of the professional relationship</u>:  There is no evidence that this is a factor warranting an adjustment of the lodestar.

    <u>Awards in similar cases</u>:  The court finds the award of attorney's fees in this case is reasonable under the circumstances and consistent with other awards in similar cases.

    There is a strong presumption that the lodestar figure represents a reasonable attorney's fee.  <u>R.M. Perez & Assocs., Inc. v. Welch</u>, 960 F.2d 534, 541 (5th Cir. 1992).  After carefully considering all of the <u>Johnson</u> factors, the court determines that their weight is accurately reflected in the lodestar amount and that no departure is necessary.

    Accordingly, the court finds no adjustments to the lodestar amount are necessary.  Fees are awarded in the amount of $1200.

### IV. Conclusion

    Based on the foregoing, the court **GRANTS** Plaintiff's Motion to Remand and for Attorney's Fees (Docket Entry Nos. 17 and 18).

Furthermore, the court **DENIES AS MOOT** Defendant's Motion for Summary Judgment (Docket Entry No. 14).

    **SIGNED** at Houston, Texas, this 1st day of December, 2009.

Nancy K. Johnson
United States Magistrate Judge